FILED
SUPERIOR COURT
OF GUAM

2025 APR -9 PH 3: 48

CLERK OF COURT

BY: _____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHE CHIN HONG, | CIVIL CASE NO. <u>CV0031-24</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE SUMMARY JUDGMENT MOTIONS** |
| TRI, INC., | |
| Defendant. | |

In this action concerning a breach of contract, the Court reviews: (1) Defendant TRI, Inc.'s Motion for Summary Judgment seeking a ruling discharging both parties of their contractual obligations in their Memorandum of Agreement (MOA), and (2) Plaintiff Che Chin Hong's ("Sammi") Cross-Motion for Summary Judgment seeking a ruling that TRI breached the contract. Having found no genuine issues of material fact relative to terms of the contract, the Court GRANTS TRI's Motion and DENIES Hong's Cross-Motion.

## I.   PROCEDURAL BACKGROUND

Sammi initiated this action against TRI, seeking damages and attorney's costs and fees relative to an alleged breach involving the parties' MOA. *See generally* Compl. (Jan. 23, 2024). Specifically, Sammi alleges that TRI violated the MOA by failing to pay Sammi after he released a lis pendens placed on SMI apartments. *Id.* at 3.

TRI now moves for summary judgment, disputing that Sammi released the lis pendens. Mem. P. & A. in Supp. Def.'s Mot. Summ. J. at 4 (Dec. 12, 2024). In support, TRI provided the MOA and a Declaration from TRI's president Richard Untalan detailing how Sammi did not

ORIGINAL

provide TRI with a copy of a recorded release of a notice of lis pendens placed on SMI Apartments. Decl. Richard J. Untalan at 2, Ex. A (Dec. 12, 2024). Sammi opposed TRI's Motion and cross-moved for summary judgment, claiming that the recorded dismissal of a previous case involving SMI Apartments, *Hong v. Hong*, CV0965-20, effectively serves as a recorded release of lis pendens. In support, Sammi provided a copy of the Stipulation and Order for Dismissal of Action with Prejudice of CV0965-20, records from the Department of Land Management illustrating that they recorded the dismissal of CV0965-20, TRI's response to Hong's First Set of Interrogatories, and an email exchange between Untalan and an employee at Security Title, Inc. Revised Decl. George Neil P. Valdes in Supp. of Pl.'s Opp'n to Def.'s Mot. Summ. J. (Dec. 30, 2024); Decl. George Neil P. Valdes in Supp. Pl.'s Cross-Mot. Summ. J. (Dec. 30, 2024); Decl. Louie J. Yanza in Supp. Pl.'s Reply to Def.'s Opp'n to Cross-Mot. Summ. J., Ex.1 (Feb. 7, 2025).

The Court heard the motions on February 25, 2025, and took them under advisement.

## II.    UNDISPUTED FACTS

The following facts are undisputed based on the pleadings and declarations presented to the Court.

1. In November 2020, Sammi initiated legal action against Sung Hee Hong in CV0965-20 regarding the transfer of SMI Apartments from the company Sammi founded, Base Corporation, to TRI. Compl. ¶ 5.

2. In April 2021, Sammi placed a lis pendens on Lot 5370-2-3-NEW2, Mangilao, Guam (also referenced by the parties as SMI Apartments), and recorded the lis pendens with DLM. Revised Decl. George Neil P. Valdes in Supp. of Pl.'s Opp'n to Def.'s Mot. Summ. J., Ex. 4.

ORIGINAL

3. On or about December 13, 2022, Sammi and TRI executed an MOA which stated that "if Sammi or Chris Murphy are unable to sell SMI by June 1, 2023, the maturity date of the Promissory Note, Sammi agrees to release the lis pendens upon being paid the sum $100,000.00 from TRI, Inc." Decl. Richard J. Untalan, Ex. A.

4. On April 18, 2023, CV0965-20 was dismissed with prejudice, and the dismissal was recorded with DLM on May 9, 2023 and June 2, 2023. Revised Decl. George Neil P. Valdes in Supp. of Pl.'s Opp'n to Def.'s Mot. Summ. J., Exs. 1-3. The dismissal does not explicitly reference a lis pendens or any real property. *Id.*

5. Sammi did not provide TRI a lis pendens release. Decl. Richard J. Untalan ¶ 8.

## III.    <u>LAW AND DISCUSSION</u>

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). A movant may cite materials in the record, such as declarations and documents, to show the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support a fact. GRCP 56(c)(1). When confronted with a summary judgment motion, an adverse party may not simply deny the allegations "but is obligated to set forth specific facts showing there is a genuine issue for trial." *Estate of Cruz v. Detry Corporation*, 2023 Guam 14 ¶ 24. Upon reviewing the submitted evidence, the Court must draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

### A. The MOA contains concurrent conditions.

The Court starts by considering whether TRI was required to pay Sammi before he released the lis pendens. TRI argues that the parties' obligations were concurrent conditions, meaning they were mutually dependent and were to be performed simultaneously. Def.'s Reply

Mem. In Supp. of Mot. Summ. J. at 2 (Jan. 13, 2025); 18 GCA § 80404. Courts have found concurrent conditions exist if the actions "were mutually dependent, each promise given in consideration for the other, and each being due at the same time." *Katemis v. Westerlind,* 261 P.2d 553, 559 (Cal. Dist. Ct. App. 1953). Here, the parties depended on promises that were given in consideration for the other. Hr'g (Feb. 25, 2025). Specific to land sale contracts, court have found that an obligation for money to be deposited runs concurrent with an obligation to deposit the instrument as they are mutually dependent. *Diamond v. Huenergardt,* 346 P.2d 37, 41 (Cal. Dist. Ct. App. 1959). While the MOA does not deal with a land sale, the Court follows this guidance as the subject matter of the contract is real property and the terms of the agreement deal with an instrument impacting the property and a monetary obligation. Based on these principles, the Court determines that the terms of the MOA were concurrent conditions. When both parties fail to perform concurrent conditions, the parties are discharged of their obligations and neither party can recover for breach of contract. *Pittman v. Canham,* 3 Cal.Rptr.2d 340, 341 (Ct. App. 1992); *Equassure, Inc. v. De La Cruz,* 2021 WL 2548875 at *9 (Cal. Ct. App. 2021); *Li v. Chan,* 2003 WL 22009470 at *7 (Cal. Ct. App. 2003). The Court now must determine if both parties failed to perform their obligations.

## B. Sammi did not release the lis pendens.

Having determined that the parties were subject to concurrent conditions, the Court next determines if Sammi met his obligation to release the lis pendens. Guam follows the traditional approach to contract interpretation such that "if the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contracts meaning, and a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." *Guam United Warehouse Corp. v. DeWitt Transp. Servs.,* 2003

ORIGINAL

Guam 20 ¶ 24. "In construing what various terms in a contract mean, the task of the court is to discern and given legal effect to the intent of the parties at the time of contracting." *Wasson v. Berg*, 2007 Guam 16 ¶ 10. "Further, the intent of the parties to a contract is generally, and whenever possible, restricted by the plain meaning of the contract terms." *Id.*

The MOA states that "Sammi agrees to release the lis pendens upon being paid the sum $100,000.00 from TRI, Inc." Decl. Richard J. Untalan, Ex. A. In the next sentence, the MOA details that if an offer to purchase SMI Apartments is accepted, Sammi "will provide a release of lis pendens." *Id.* Sammi argues that the phrase "release the lis pendens" has been satisfied because it is impliedly released from the dismissal of CV0965-20 and its recording at DLM. Pl.'s Opp'n to Def.'s Mot. Summ. J. at 4. He further argues that the MOA did not require that Sammi provide documentation to TRI. *Id.* at 5. TRI counters that "dismissal of the lawsuit was not one of the conditions to be performed by Plaintiff. Rather, Plaintiff was obligated under the MOA to *release* the recorded lis pendens." Def.'s Reply Mem. In Supp. of Mot. Summ. J. at 3 Additionally, TRI argues that "the whole of the contract is to be taken together, with each clause helping to interpret the other" and as such, the following sentence which states that Sammi "will provide a release of the lis pendens" elucidates that dismissal of CV0965-20 is not sufficient to meet the terms of the MOA. *Id.* at 5.

Sammi also suggests that 7 GCA § 14103 governs the use of a lis pendens. That provision states that in actions concerning real property, a plaintiff or defendant may

> record in the Department of Land Management, a notice of the pendency of the action containing the names of the parties and the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action . . . .

ORIGINAL

7 GCA § 14103. While this section does not govern the procedure for release, the Court finds that the underlying principle of this section highlights the importance of providing notice. Just as a lis pendens gives notice that there is a pending action affecting real property, this same principle applies to a release. In other words, at the least, a "description of the property affected" should be documented so that the persons affected by the lis pendens, and the public in general, have constructive notice that a lis pendens on that property has been discharged. The recorded dismissal here, however, lacks that critical information.

There is no disagreement regarding what the MOA states, though the parties disagree about the meaning of the phrase "release the lis pendens" and whether the dismissal amounts to a release. The Court finds that the word "release" in this contract is unambiguous such that extrinsic evidence is not required to interpret its meaning. Moreover, the Court agrees with TRI's interpretation of the MOA. The MOA between the parties explicitly says that Sammi will release the lis pendens, and the following sentence states that Sammi will provide this release if an offer is accepted. Using the contract to glean the intent of the parties, the Court believes that it is unambiguous that Sammi was required to record a release of the lis pendens and provide it to TRI. Recording the dismissal of CV0965-20 (which TRI is not a party to) with DLM and asserting that the time to appeal has passed such that now the lis pendens has been extinguished is not what the contract requires. The Court finds that Sammi did not adequately release the lis pendens and failed to uphold his obligation in the MOA. Accordingly, both parties failed to perform.

## IV.    <u>CONCLUSION AND ORDER</u>

The Court GRANTS summary judgment in favor of TRI and DENIES Sammi's Cross-Motion for Summary Judgment, finding that Sammi's failure to timely tender performance

ORIGINAL

results in a discharge of both parties' obligations to perform under the MOA. A judgment shall issue.

**SO ORDERED, 9 April 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
George Neil P. Valdes, Esq., Law Office of Louie J. Yanza, for Plaintiff Che Chin "Sammi" Hong
Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C. for Defendant TRI, Inc.